IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LEWIS THOMAS GREEN,      PETITIONER

V.      NO. 2:04CV326-M-B

TOMMY TAYLOR, ET AL,      RESPONDENTS

**O P I N I O N**

This cause comes before the court on the petition of Lewis Thomas Green for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner states that he was in custody awaiting trial at the time he filed this petition. The only issue raised in the petition is a request for a reduction of bond.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

Petitioner filed a motion in the trial court for a reduction of his bond. If the trial court denies it, he has the right to appeal the denial to the Mississippi Court of Appeals or the Mississippi Supreme Court. Until he does so, the "state's highest court [has not had] a fair opportunity to pass

upon the issues raised in the petition for federal habeas corpus relief." Accordingly, petitioner's state court remedies have not been exhausted and his petition must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 15th day of September, 2005.

                                                    **/s/ Michael P. Mills**
                                                  **UNITED STATES DISTRICT JUDGE**